# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| CHARLES SCHIAVO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. N24C-08-107 FWW |
| v. | ) |
| | ) |
| TD BANK USA NATIONAL ASSOCIATION, | ) |
| | ) |
| | ) |
| Defendant. | ) |

Submitted: December 9, 2024
Decided: February 19, 2025

*Upon Defendant TD Bank USA National Association's Motion to Dismiss*

**GRANTED**

## MEMORANDUM OPINION AND ORDER

Charles Schiavo, 829B Culbreath Street, Smyrna, DE 19977, Plaintiff, *pro se*.

Michael B. Gonen, Esquire (argued), Makenzie M. Wrobel, Esquire, DUANE MORRIS, LLP, 1210 North Market Street, Suite 501, Wilmington, DE 19801, Attorneys for Defendant TD Bank USA National Association.

**WHARTON, J.**

# I. INTRODUCTION

Plaintiff Charles Schiavo ("Schiavo") has filed Complaints in this case and in *Charles Schiavo v. Clover Network, LLC*.[1] Despite being brought separately, the cases are based on the same set of operative facts. The Complaint against TD Bank USA National Association ("TD Bank") alleges generally that TD, in concert with Clover Network, LLC ("Clover"), fraudulently deprived him of $22,000.00.[2] He seeks compensatory damages in the amount of $25,000.00, punitive damages of $150,000.00, and a release to him of the $22,000.00.[3]

TD Bank moves to dismiss under Superior Court Civil Rules 9(b) and 12(b)(6).[4] TD Bank offers two reasons why the Complaint should be dismissed. First, the Motion contends that Schiavo, in his individual capacity lacks standing to sue on behalf of his business, Jems Classic Autos ("Jems").[5] Second, it argues that, while the Complaint does not identify possible legal theories against TD Bank, any possible claims must fail due to Schiavo's admissions that other non-parties and not

---

[1] *Charles Schiavo v. Clover Network, LLC,* C.A. No. N24C-07-135 FWW. Clover Bank also moves to dismiss in that action.
[2] Complaint, at ⁋ 1, D.I. 1. Schiavo did not number the paragraphs of his Complaint as required by Superior Court Civil Rule 10(b). TD Bank helpfully supplies numbers for each paragraph in its Motion to Dismiss. Def.'s Mot. to Dismiss, at Ex. A., D.I. 11. The Court adopts those paragraph numbers for consistency and ease of reference.
[3] *Id.* at ⁋ 3.
[4] Def.'s Mot. to Dismiss, D.I. 11.
[5] *Id.* at ⁋ 4.

TD Bank caused whatever harm he suffered.[6]  Attempts to draw TD Bank into this dispute by alleging a civil conspiracy or fraud fail because Schiavo has failed to plead facts supporting his vicarious liability theories and fraud as require by Rule 9(b).[7]

For the reasons set forth below, TD Bank's motion is **GRANTED.**  The Complaint is **DISMISSED** without prejudice.

## II.    FACTS AND PROCEDURAL HISTORY

Schiavo owns Jems Classic Autos ("Jems").[8]  Jems signed an estimate with Asplundh Engineering ("Asplundh") to repair a 2023 Ford F-150 turbo vehicle for approximately $29,000.00, less a 10% discount.[9]  On May 26, 2024, Kevin Coin ("Coin") a representative of Asplundh and authorized user of its credit card paid Jems $9,500.00 for repairs completed to date.[10]  The payment was made by credit card over the telephone with a Clover representative guiding Schiavo and Coin through the process.[11]  The payment was credited to Jems' account on May 28,

---

[6] *Id.*
[7] *Id.* at ¶ 18.
[8] Compl. at ¶ 5, D.I. 1.
[9] *Id.*
[10] *Id.*
[11] *Id..*

3

2024.[12] On June 1st, Coin made a second payment of $9,500.00.[13] This payment also was made by credit card over the telephone, but this time without the assistance of a Clover representative.[14] On June 3rd, this second $9,500.00 payment was credited to Jem's account.[15]

On or about June 16th Coin made a third credit card payment of $10,175.00.[16] But, the Complaint alleges, this payment was never credited to Jems' account "specifically due to what the Plaintiff believes was fraudulent activity by TD Bank, hereafter the coconspirators."[17] The Complaint alleges that after Clover "stole" the third payment, Schiavo received several telephone calls from Ava who claimed to be a representative of Clover, "the credit card processing company for TD Bank, Dover, Delaware."[18] Ava sent Schiavo an email requesting information she needed to investigate the third credit card payment and requested Schiavo respond with his answers to her questions by email also.[19] Schiavo responded to Ava's email with

[12] *Id.*
[13] *Id.* at ¶ 6.
[14] *Id.*
[15] *Id.* There is some confusion about the dates because ¶ 6 reads, "On June 15th the second 9,500.00-dollar credit card payment was credited to the Jems bank account on 6-3-24, (Exhibit D)."
[16] *Id.* at ¶ 7.
[17] *Id.*
[18] *Id.* at ¶ 8.
[19] *Id.*

the help of the manager of the TD Bank branch location in Dover.[20] After sending the email, Schiavo received another phone call from Ava "stating they were alleging fraud and that Clover was going to keep the third credit card payment of $10,175.00 for a minimum of 180 days before Clover could make a clear determination."[21] Schiavo alleges he has made repeated unsuccessful requests for TD Bank and Clover to send him written confirmation of the reasons they were keeping the third payment.[22] Schiavo also alleges that on July 3rd, Clover sent TD Bank a debit request for approximately $700.00.[23] Shortly thereafter on July 13th Clover sent an additional debit request for $10,175.00 along with other fees which TD Bank also debited from Jems' account.[24] Notwithstanding the fact that TD Bank clearly understood that Schiavo was never credited with the third payment, it has refused to reverse the numerous debits requested by Clover.[25]

On September 9, 2024, TD Bank moved to dismiss pursuant to Rules 9(b) and 12(b)(6).[26] It argues that Schiavo lacks standing to sue on behalf of his business, Jems, and for failure to state a claim against it.[27] After briefing, the Court heard

---

[20] *Id.*
[21] *Id.*
[22] *Id.* at ¶ 9.
[23] *Id.* at ¶ 10.
[24] *Id.*
[25] *Id.*
[26] Def.'s Mot. to Dismiss, D.I. 11.
[27] *Id.* at ¶ 4.

argument jointly on this case and Schiavo's suit against Clover on December 9, 2024.[28]

### III. THE PARTIES' CONTENTIONS

TD Bank's Motion to Dismiss makes two arguments for dismissal under Rules 9(b) and 12(b)(6). First, it challenges Schiavo's standing to bring this action. It argues that Jems is a legally distinct entity, and it is Jems, not Schiavo in his individual capacity that had a contract with Asplundh.[29] Accordingly, the payment chargeback and potential loss of Asplundh's business are Jems' injuries.[30] Second, TD Bank argues that none of the alleged losses are traceable to any wrongful conduct by it, citing allegations in the Complaint that Bank of America (Asplundh's bank) transferred the third payment to Clover and Clover is holding the payment of $10,175.00 along with an additional $698.00.[31] Finally, any attempt to link Clover and TD Bank together in a principal/accomplice relationship or as co-conspirators in a scheme to defraud Schiavo fails because the Complaint: (1) fails to plead facts supporting theories of vicarious liability; (2) fails to comply with Rule 9(b)'s requirement that fraud be pled with particularity regarding "the time, place, and contents of the false representations; the facts misrepresented; the identity of the

---

[28] D.I. 24.
[29] Def.'s Mot. to Dismiss, at ₽ 16, D.I. 11.
[30] *Id.*
[31] *Id.* at ₽ 17.

6

person(s) making the misrepresentation; and what that person(s) gained by making the misrepresentation;" and (3) failed to plead the necessary elements of civil conspiracy.[32]

Schiavo's Response first disputes TD Bank's contention that the Complaint fails Rule 9(b)'s specificity requirements, arguing that the Complaint contains the specific allegation that TD Bank conspired with Clover to "withhold approximately 22,000.00 dollars [*illegally*] and "a host of other [**Fraudulent Allegations**] advanced by the Plaintiff in the Complaint and subsequent answers."[33] He dismisses TD Bank's challenge to his standing to bring suit on behalf of Jems as "ridiculous."[34] As to TD Bank's argument that the Complaint admits that other non-parties are responsible for Jems' loss, Schiavo responds that he has sued Clover also.[35] He adds that "**TD Bank has separately and independently refused to reverse the theft of 10,175 dollars by Clover from Plaintiff's Bank account**…while TD Bank **has pilfered the same amount from Plaintiff's bank account along with overdraft**

---

[32] *Id.* at ❡ 19 (quoting *Amerscape, LLC v. Acacia Comms. Servs.. Inc.,* 2022 WL 2252988, at *2 (Del. Super. Ct. Jun. 22, 2022)).

[33] Pl.'s Resp., at 3 (emphasis in original), D.I. 13. The pages in Schiavo's Response are unnumbered. For citation purposes, the Court has assigned them page numbers beginning with the caption page.

[34] *Id.* at 4.

[35] *Id.* at 4-5.

7

**fees"** and gone so far as closing his account for **"an overdraft that was created by TD Bank's fraudulent actions."**[36]

In its Reply, TD Bank argues that Schiavo's Response is procedurally deficient and fails to rebut to grounds for dismissal set out in the Motion.[37] The Response is procedurally improper because, "instead of serving and filing a six-page opposition by September 30, as required under the Rules, Plaintiff submitted a non-formatted, *32-page* document to the prothonotary, claiming in his Certificate of Service to have mailed it to a TD Bank branch location."[38] The unfocused Response: (1) claims federal statutes may support this action in this Court or in a federal court; (2) admits that this litigation aims to leverage discovery to build "' a class action RECO [sic] lawsuit'"; and (3) making personal attacks on opposing counsel.[39]

First, TD Bank contends that substantively, regarding standing, Schiavo's response contradicts his Complaint when he argues that Jems is not a corporation, but rather, a sole proprietorship.[40] Second, the Response does not answer the Motion's observation that the funds were returned to Asplundh pursuant to a

---

[36] *Id.* at 7 (emphasis in original).
[37] Def.'s Reply, at ¶ 1, D.I. 15.
[38] *Id.* at ¶ 4 (emphasis in original).
[39] *Id.* at ¶ 6 (quoting Pl.'s Resp. at 21).
[40] *Id.* at ¶ 8.

chargeback on a challenged transaction.[41]   Finally Schiavo acknowledges that he cannot be more specific in making his allegations of fraud.[42]

## IV.   STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Superior Court Rule 12(b)(6) will not be granted if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[43]   The Court's review is limited to the well-pled allegations in the complaint.[44]   In ruling on a 12(b)(6) motion, the Court "must draw all reasonable factual inferences in favor of the party opposing the motion."[45]   Dismissal is warranted "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[46]   However, the Court will "ignore conclusory allegations that lack specific supporting factual allegations."[47]   The Court may, "despite allegations to the contrary," dismiss a complaint "where the unambiguous language of

---

[41] *Id.* at ⁋ 9.
[42] *Id.* at ⁋ 10.
[43] *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990).
[44] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).
[45] *Id.*
[46] *Id.*
[47] *Ramunno v. Cawley,* 705 A.2d 1029, 10345 (Del. 1998).

documents upon which the claims are based contradict the complaint's allegations."[48]

## V. DISCUSSION

At the outset, the Court establishes the parameters for what information among the various filings and arguments in the record it properly considers in resolving the Motion. The Court's review is limited to the well-pled allegations in the Complaint. Additionally, however, the Court may consider matters outside the Complaint "when a document is integral to a claim incorporated into a complaint."[49] "Generally, a document is integral to a complaint if it is the 'source for the … facts as pled in the complaint.'"[50] Here, the Court considers the Complaint and its exhibits together with argument directed to the Complaint and its exhibits. It does not consider filings in Schiavo's case against Clover.

Next, the Court notes that both the Complaint and Schiavo's Response to the Motion fail to comply with applicable Superior Court Rules of Civil Procedure. Rule 10(b) speaks to the form of pleadings:

> (b) *Paragraphs: Separate statements.* All averments of
> claim or defense shall be made in numbered paragraphs,

---

[48] *Tigani v. C.I.P. Assocs., LLC,* 2020 WL 2037241, at v*2 (Del. Apr. 27, 2020) (citing *Malpiede v. Townson*, 780 A.2d 1075, 1083 Del. 2001).
[49] *Fortis Advisors LLC v. Allergen W. C. Holding, Inc.* 2019 WL 5588876, at *3, (Del. Ch. Oct. 30, 2019).
[50] *Id.*

10

the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.[51]

Schiavo neither numbers the paragraphs in the Complaint, nor does he identify in separate counts his theories of liability. While Schiavo's failure to number the paragraphs of the Complaint can be overcome,[52] his failure to separate his various allegations of wrongdoing into separate counts is more problematic. This failure has caused opposing counsel and the Court to sift through the Complaint in an attempt to identify specific theories of liability, and the facts purporting to support the necessary elements of each theory. Schiavo's Response presents its own set of difficulties. Rule 78(b) limits responses in opposition to motions to six pages in length.[53] Again, Schiavo makes no attempt to comply with the rule as his Response runs to 32 pages.

TD Bank's first contests Schiavo's standing to bring suit on behalf of Jems, contending that Jems is a legally distinct entity.[54] Schiavo's response to this

---

[51] Super. Ct. Civ. R. 10(b).
[52] *See,* Def.'s Mot. to Dismiss at Ex. A, D.I. 11.
[53] Super. Ct. Civ. R. 78(b).
[54] *Id.* at P16

argument is that it is "ridiculous."[55] A better response would have been to cite Exhibit A of his Complaint. Exhibit A is the business license for Jems Classic Autos and identifies it as the trade name of Charles Schiavo.[56] Thus, Jems is not a separate and legally distinct entity, but rather simply Schiavo's trade name. Schiavo has standing to bring this action.

Next, TD Bank argues that Schiavo has failed to state a claim against it because the Complaint alleges that Clover initiated the chargebacks and debits and, in fact, is holding the $10,175.00 payment.[57] Further, any attempt by Schiavo to allege that TD Bank is vicariously liable under a theory of fraud or conspiracy fails because he has failed to plead the requisite facts supporting those theories as Delaware law requires.[58]

The Complaint fails to state a claim for a much simpler reason – it is self-refuting. Attached to Schiavo's Complaint is Exhibit E, a Bank of America statement for "Kevin C. Coin Asplundh Engineering." The statement shows that Asplundh was credited with $10,175.00 on July 3, 2024 relating to a June 19th transaction with Jems.[59] The statement shows that the money was returned to

---

[55] Pl.'s Resp. at 4, D.I. 13.
[56] *Id.* at Ex. A.
[57] Def.'s Mot. to Dismiss at ¶ 17, D.I. 11.
[58] *Id.* at 18.
[59] Complaint at Ex E.

Asplundh as a result of a dispute that was resolved in favor of its client – Asplundh.[60]

The Court may, "despite allegations to the contrary," dismiss a complaint "where the unambiguous language of documents upon which the claims are based contradict the complaint's allegations."[61] Here the Bank of America statement unambiguously contradicts Schiavo's claim that TD Bank or Clover, either singly or collectively, stole and kept the $10,175.00. Asplundh had the money two weeks after the unsuccessful third transaction. Therefore any allegation against TD Bank based on theft, fraud or civil conspiracy fails to state a claim.[62]

## VI. CONCLUSION

---

[60] *Id.*

[61] *Tigani v. C.I.P. Assocs., LLC,* 2020 WL 2037241, at v*2 (Del. Apr. 27, 2020) (citing *Malpiede v. Townson*, 780 A.2d 1075, 1083 Del. 2001).

[62] Despite the Court concluding that Schiavo has failed to state any claim upon which he could obtain relief against TD Bank, there are certain facts which do not appear to be in dispute. They are: (1) Jems had a contract with Asplundh to repair Asplundh's truck; (2) the first two payments, made by Kevin Coin on behalf of Asplundh, were successfully deposited in Jems' account; (3) Kevin Coin was authorized to use the Asplundh credit card; (4) for whatever reason, the third payment of $10,175.00 was never successfully deposited into Jems' account; and (5) the third unsuccessful payment was returned to Asplundh's Bank of America account two weeks after the unsuccessful transaction. If, as Schiavo contends, Asplundh was willing to make the third payment and had the funds from the unsuccessful third attempt in its account, why did Schiavo and Asplundh not try to complete the payment again, either by credit card or by an alternative payment method? No answer to that question has ever been tendered to the Court.

**THEREFORE,** for the reasons explained above, Defendant TD Bank USA National Association's Motion to Dismiss is **GRANTED.** The Complaint is **DISMISSED** without prejudice. Plaintiff Charles Schiavo is granted leave to file an Amended Complaint no later than 30 days after the date of this Memorandum Opinion and Order, subject to the following conditions:

1. Any Amended Complaint shall comply with the pleading requirements of Superior Court Civil Rules 8(a), 9(b) (if fraud is alleged), and 10 (especially 10(b));

2. Each claim shall state all of the elements necessary to allege such claim or risk dismissal with prejudice upon appropriate motion;

3. Such Amended Complaint may join Clover Network, LLC and TD Bank USA National Association as well as any other prospective defendant in a single Amended Complaint either under this case, or under *Schiavo v. Clover Network, LLC,* C.A. No. N24C-07-135 FWW; and

4. The Court will strike any Amended Complaint that includes language personally attacking opposing counsel or the Court.

**IT IS SO ORDERED.**

/s/ Ferris W. Wharton
Ferris W. Wharton, J.